IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**CRIMINAL CASE NO. 3:01cr130-2**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| | ) | |
| **ANDREA MELINDA GLEATON.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Downward Departure for Individualized Assessment for Modification and Reduction of Sentence." [Doc. 80].

On July 10, 2001, the Defendant was charged in a Bill of Indictment along with her husband/co-defendant with four drug and firearms-related offenses, including conspiracy to possess with intent to distribute cocaine powder and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 8446 (Count One). [Doc. 17]. On October 1, 2002, the Defendant pled guilty to Count One of the Indictment pursuant to a plea agreement. [Doc. 48]. The remaining counts against the Defendant were dismissed. On July 22, 2003, the Defendant was sentenced to 120 months of imprisonment. [Doc. 51]. The Defendant filed a notice of appeal [Doc. 50], but her appeal was

subsequently dismissed by agreement of the parties. [Doc. 55]. The Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 on May 21, 2004. [Doc. 57]. The Court dismissed the Defendant's motion on May 21, 2004. [Doc. 58].

On January 21, 2008, the Defendant filed *pro se* motions to appoint counsel and to reduce her sentence pursuant to 18 U.S.C. § 3582 and Amendment 706 to the United States Sentencing Guidelines. [Docs. 60, 61]. The Defendant was appointed counsel on November 25, 2008. [Doc. 64]. The Court denied the Defendant's motion to reduce sentence on September 15, 2009, reasoning that the Defendant was ineligible for a reduction under Amendment 706 because the Guideline range (a mandatory minimum sentence of 120 months) remained unchanged under U.S.S.G. § 5G1.1. [Doc. 79].

The Defendant now moves for a modification and reduction of her sentence, arguing that the Court did not consider relevant factors under 18 U.S.C. § 3553(a) in determining her sentence. [Doc. 80]. The Defendant's motion must be denied. Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or modify a sentence only: (1) upon motion of the Director of the Bureau of Prisons if certain extraordinary and compelling reasons warrant

2

a reduction; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). None of these circumstances are applicable in the present case. Accordingly, the Defendant's motion for a modification of her sentence must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Downward Departure for Individualized Assessment for Modification and Reduction of Sentence" [Doc. 80] is **DENIED**.

**IT IS SO ORDERED**.

Signed: April 13, 2010

Martin Reidinger
United States District Judge