# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:01cr130-02

| ANDREA M. GLEATON, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| Vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's Motion to Recommend Residential Re-Entry Center (RRC) Placement. In her motion, petitioner contends that the court should recommend petitioner's placement in a Residential Re-Entry Center based on her good conduct and accomplishments during her period of incarceration. As a basis for her motion, petitioner cites the court to 18, United States Code, Section 3621(b), which provides in relevant part as follows:

> **(b) Place of Imprisonment.**— The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
> * * *
> (4) any statement by the court that imposed the sentence—
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate . . . .

18 U.S.C. § 3621(b).

Construing such motion in a light most favorable to petitioner, the court considers it to be a motion made in accordance with 28, United States Code, Section 2255, requesting the court to amend its Judgement in a manner as to recommend placement in such program during the final year of incarceration  When considered under Section 2255, the motion is time barred as it was filed more than one year after the date on which the judgment of conviction became final, 28 U.S.C. § 2255(f)(1), and more than one year after the date on which the facts supporting the claims could have been discovered.  28 U.S.C. § 2255(f)(4).[1]

To the extent petitioner asks that the court grant plaintiff relief in the first instance under the *Second Chance Act of 2007*, the provisions of 18, United States Code, Section 3624(c), concern actions to be taken by the Director of the Bureau of Prisons, not the court.  Whether to place a person in any prerelease program  appears to be a duty delegated to the Executive Branch and not the Judiciary.  The Director of Bureau of Prisons is uniquely qualified to determine what re-entry programs are appropriate for an incarcerated person as the Director is familiar with petitioner's adjustment and accomplishments while incarcerated, while the court has no credible basis for making any such determination.

Finally, the court has considered whether petitioner is alleging that she has been denied any relief by the Bureau of Prisons under the *Second Chance Act of 2007*.  Close review of the petition does not reveal any allegation that she exhausted her administrative remedies prior to seeking *habeas* relief.  Even if she had exhausted her

---

[1] 28 U.S.C. § 2255(f)(2) &(3) are inapplicable.

administrative remedies, such a motion would likely be a challenge brought under 28, United States Code, Section 2241, in the district in which she is incarcerated. See Delfino v. Berkebile, 2011 WL 1088013 (S.D.W.Va. Mar.23, 2011). Inasmuch as this motion concerns recommendations that were included in the court's 2003 Judgment, the court has considered it to be filed under Section 2255.

While there is no relief this court can afford to petitioner, the court encourages petitioner to seek appropriate placement through her case manager at the Bureau of Prisons.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Motion to Recommend Residential Re-Entry Center (RRC) Placement (#86), deemed to be a Motion to Vacate, Set Aside or Correct a Sentence, is **DENIED** as time barred and, alternatively, **DENIED** as seeking relief under 18, United States Code, Section 3624(c), which is not within the province of the court to grant.

Signed: March 28, 2011

Max O. Cogburn Jr.
United States District Judge