# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:01cr130-02

| | |
|---|---|
| ANDREA M. GLEATON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's "Emergency Motion for Reduction, Amendment Nine, 11/1/07, Crack Disparity 18:1, 11/1/2010" (#92).

On July 10, 2001, defendant was charged in a Bill of Indictment along with her husband/co-defendant with four drug and firearms-related offenses, including conspiracy to possess with intent to distribute cocaine powder and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One). (#17). On October 1, 2002, defendant pled guilty to Count One of the Indictment pursuant to a plea agreement. (#48). The remaining counts against the defendant were dismissed.

On July 22, 2003, defendant was sentenced to 120 months of imprisonment. (#51). The Defendant filed a notice of appeal (#50), but her appeal was subsequently dismissed by agreement of the parties. (#55). On May 21, 2004, defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. (# 57). The court dismissed defendant's motion on May 21, 2004. (#58). On January 21, 2008, defendant filed *pro se* motions to appoint counsel and to reduce her sentence pursuant to 18 U.S.C. § 3582

and Amendment 706 to the United States Sentencing Guidelines. (#s 60, 61). Defendant was appointed counsel on November 25, 2008. (# 64). The court denied defendant's motion to reduce sentence on September 15, 2009, reasoning that defendant was ineligible for a reduction under Amendment 706 because the Guideline range (a mandatory minimum sentence of 120 months) remained unchanged under U.S.S.G. § 5G1.1. (#79). On March 1, 2010, defendant filed a "Motion for Downward Departure, For Individualized Assessment, and For Modification and Reduction of Sentence." (#80). In that motion, she argued that the court did not consider relevant factors under 18 U.S.C. § 3553(a) in determining her sentence. (#80). The court found pursuant to 18 U.S.C. § 3582(c) that none of the circumstances listed therein were applicable to petitioner's case.

On April 11, 2011, petitioner filed the instant motion. In part "I(A)" of her motion, plaintiff appears to again seek review based on the 2007 amendments to the United States Sentencing Guidelines, which was made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). The court has already addressed such application, explaining that she was entitled to no reduction due to mandatory minimum sentence of 10 years (120 months) as required under 21U.S.C. § 841(b). The court held that "[d]efendant is ineligible for reduction under Amendment 706 because the guideline range was unchanged under USSG §5G1.1." Order (#79).

In part "II(B)" petitioner appears to seek review under the *Fair Sentencing Act of 2010* (hereinafter "FSA"), which amended the provisions of 21 U.S.C. § 841(b) by

increasing the amount of crack cocaine required to trigger mandatory minimum sentences. Reading such pleading in a light most favorable to petitioner, the Court will construe the defendant's *pro se* filing as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) under the FSA.

A district court may modify a term of imprisonment only in limited circumstances. See 18 U.S.C. § 3582(b), (c). Specifically, "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (quoting 18 U.S.C. § 3582(c)). None of these circumstances is applicable in the present case.

First, the Bureau of Prisons has not moved for a reduction of the Defendant's sentence. See 18 U.S.C. § 3582(c)(1)(A). As for the second circumstance, 18 U.S.C. § 3582 provides that the Court may modify a defendant's sentence if the defendant was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 1B1.10 of the Guidelines sets forth the Sentencing Commission's policy statement with respect to reductions in sentence based on subsequent amendments and specifically identifies those amendments that courts may apply retroactively pursuant to § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(A).

Unfortunately, there is no amendment listed in subsection (c) that lowers a Guidelines range due to the Fair Sentencing Act. See United States v. Millhouse, 2010 WL 4338383, at *2 (E.D.N.C. Oct. 22, 2010). As such, § 3582(c)(2) does not serve as a basis to reduce the defendant's sentence.

Finally, Rule 35 is not applicable to this case and therefore cannot serve as a basis to reduce the defendant's sentence and there is no federal statute that expressly permits the modification of defendant's sentence. The Fair Sentencing Act of 2010 itself does not apply retroactively. United States v. Nelson, 2010 WL 4676614, at *1 (4th Cir. Nov. 18, 2010).

Defendant is not entitled to a sentence reduction pursuant to § 3582(c). Inasmuch as the Sentencing Commission *may* determine in the future to make the Fair Sentencing Act retroactive, this motion will be denied without prejudice. See Millhouse, 2010 WL 4338383, at *2 n.1.

# O R D E R

**IT IS, THEREFORE, ORDERED** that defendant's Emergency Motion for Reduction, Amendment Nine, 11/1/07, Crack Disparity 18:1, 11/1/2010 (#92), which the Court construes as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c), is **DENIED**.

Signed: April 26, 2011

Max O. Cogburn Jr.
United States District Judge